Ruffin, Chief Justice.
The recovery is proper against the defendant, unless he shows a valid contract of sale from the plaintiff to William May, under whom the defendant claims. To say nothing of the suspicious circumstances of circumvention, on which the case might have been left to the jury, as authorizing the plaintiff to rescind the contract at any time before the actual delivery of the horse or the entire fulfilment of his part of the contract by William, a sufficient reason for the' instruction to the jury consists in the fact that it does not appear that the parties ever came to any final agreement as to the terms of the sale, It is nearly certain that they did not. But if they had, it does not appear that any thing was done in execution of such agreement so as to vest the property of the horse in the supposed vendee. There was no delivery of the horse ; no earnest paid, nor any acceptance by the plaintiff of the other’s notes in liev of earnest or as a security for the price.
Upon the point of evidence, we see no objection except the inutility of that offered. But if it had' been strictly irrelevant, a right verdict ought not to be set aside on account of its reception, unless it worked a prejudice to the party; which is not perceived in this case. Those previous deciar-ations of William May were, however, evidence, from which the jury might in a flight degree be aided in determining the extent and true character of the dealings between the plaintiff and the other two persons, William May and ell. If they could have been received against .the person who made them, they were also competent against the defendant who claimed under him by a cotemporaneous subsequent contract.
The judgment must therefore be affirmed.
Per Curiam. Judgment affirmed.